# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| PAPPAS LIQUIDATING TRUST, | ) Case No. 08-10949 (LSS) |
| Debtor.[1] | ) Jointly Administered |
| | ) **Re D.I. 1822** |

## ORDER (I) APPROVING BID AND SALE PROCEDURES FOR NEBRASKA TELEVISION ASSETS AND (III) SCHEDULING AN AUCTION AND SALE HEARING

This matter coming before the Court on the motion (the "Motion"),[2] filed by the Liquidating Trustee, seeking, pursuant to sections 105 and 1142 of the Bankruptcy Code, Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1 and 6004-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), an order (i) authorizing and approving the procedures that are attached hereto as Exhibit 1 (the "Bidding Procedures") for the sale of the Nebraska Television Assets (the "Sale"), (ii) scheduling an Auction and Sale Hearing in connection with the Sale, and (iii) approving the form and manner of notice of the Auction and the Sale Hearing; the Court having reviewed the Motion and conducted a hearing to consider the relief requested therein regarding the Bidding Procedures and related matters (the "Bidding Procedures Hearing"); and the Court having considered the statements of counsel and the evidence presented at the Bidding Procedures Hearing;

---

[1]   Harry J. Pappas and Stella A. Pappas were the debtors in these jointly administered chapter 11 proceedings, but they obtained their bankruptcy discharge pursuant to 11 U.S.C. §§ 1141(d) and 524 on January 3, 2012, at which time liability for discharged claims was assigned to, and assumed by, the Pappas Liquidating Trust.

[2]   Capitalized terms not otherwise defined in this order shall have the meanings given to them in the Motion, or the Bidding Procedures, as applicable.

## IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A. The Court has jurisdiction over this matter and over the property of the Liquidating Trust pursuant to 28 U.S.C. §§ 157(a) and 1334, the Plan and the Confirmation Order. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O). The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105 and Bankruptcy Rules 2002 and 6004. Venue of these cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Liquidating Trustee has offered good and sufficient reasons for, and the best interests of the Liquidating Trust will be served by, this Court granting the Motion to the extent provided in this Order, including approval of (i) the Bidding Procedures, attached hereto as Exhibit 1 and (ii) the form and manner of notice of the Auction and Sale Hearing described in the Motion and this Order.

C. Good and sufficient notice of the relief sought in the Motion has been given under the circumstances, and no further notice is required. Subject to the immediately preceding sentence, a reasonable opportunity to object to or to be heard regarding the relief requested in the Motion was afforded to all interested persons and entities.

D. The issuance and immediate effectiveness of this Order as of the date hereof, including approval of the Bidding Procedures, is supported by evidence of compelling business justifications and other circumstances demonstrating that the relief granted by this Order is necessary to prevent immediate and irreparable harm to the Liquidating Trust.

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. All findings of fact and conclusions of law announced by the Court at the Bidding Procedures Hearing are hereby incorporated herein to the extent not inconsistent herewith.

E. The Notice of the Auction, the Sale Hearing and the Bidding Procedures, as set forth in the Motion and as to be delivered by the Liquidating Trustee is appropriate and sufficient, and is reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale Hearing and the Bidding Procedures, and no other or further notice shall be required for the Sale.

F. The Bidding Procedures are reasonably designed to maximize the value to be achieved for Nebraska Television Assets.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent provided herein.

2. All objections to the entry of this Order or to the relief provided herein, that have not been withdrawn with prejudice, waived, resolved or settled are hereby denied and overruled on the merits with prejudice.

3. The Bidding Procedures, as attached as Exhibit 1 hereto, are hereby approved, are incorporated herein by reference, and shall govern all bids and bid proceedings relating to the Nebraska Television Assets. The Liquidating Trustee is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

4. The deadline for submitting a Qualified Bid shall be **October 19, 2015 at 5:00 p.m. (Eastern Time)** (the "Bid Deadline").

5. All bidders submitting a bid are deemed to have submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Auction and the terms and conditions of the transfer of the Nebraska Television Assets.

6. If at least two Qualified Bids in respect of a particular Nebraska Television Asset are received by the Bid Deadline, the Liquidating Trustee will conduct the Auction for such Nebraska Television Asset. The Auction will take place at the offices of

-3-

Pepper Hamilton LLP, 1313 N. Market St., Suite 5100, Wilmington, Delaware 19801 at 10:00 a.m. (Eastern Time) on October 27, 2015, or such other date or time as the Liquidating Trustee may notify Qualified Bidders who have submitted Qualified Bids.

7. At the request of the Liquidating Trustee, each bidder participating at the Auction will be required to confirm in writing, that (a) it has not engaged in any collusion with respect to the bidding process, and (b) its bid is a good faith *bona fide* offer that it intends to consummate if selected as the Successful Bidder.

8. The Auction will be conducted openly and will be transcribed or videotaped, at the Liquidating Trustee's option.

9. The Court will convene the Sale Hearing on November 4, 2015 at 10:00 a.m. (Eastern Time) or as soon thereafter as counsel and interested parties may be heard, at which time the Court will consider approval of the Sale to the Successful Bidder(s) and the entry of the Approval Order. The Liquidating Trustee, in his sole discretion, may adjourn the Sale Hearing from time to time without further notice to creditors or other parties in interest other than by announcement of said adjournment at the Sale Hearing.

10. Objections to approval of the Sale, including (i) the sale of the Nebraska Television Assets including all right, title and interest thereto and all permitted liabilities in connection therewith, and (ii) entry of the Authorization Order authorizing the Liquidating Trustee to exercise the Liquidating Trust's interests in the Non-Debtor Entities to consummate the Sale, must be in writing, state the basis of such objection with specificity and be filed with this Court and served so as to be received on or before **November 2, 2015 at 12:00 p.m. (Eastern Time)** (the "Objection Deadline") by counsel to the Liquidating Trustee, Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, Delaware 19801

(Attn: David B. Stratton, Esq.). Failure to timely file an objection in accordance with this Order shall forever bar the assertion of any objection to the Motion, entry of the Authorization Order, or consummation of the Sale, and shall be deemed to constitute consent to entry of the Authorization Order and consummation of the Sale and all transactions related thereto including.

11. The form of the Auction and Hearing Notice as to be mailed by the Liquidating Trustee is hereby approved and appropriate and sufficient for all purposes and no other or further notice shall be required. No finding or ruling is made in this Order as to the merits of any motion for approval of the Sale.

12. All Interested Parties (whether or not Qualified Bidders) that participate in the Bidding Process shall be deemed to have knowingly and voluntarily (a) consented to the entry of a final order by this Court in connection with the Motion or this Order (including any disputes relating to the Bidding Process, the Auction and/or the Sale) to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution and (b) waived any right to jury trial in connection with any disputes relating to the any of the foregoing matters.

13. The requirements set forth in Local Rules 6004-1 and 9013-1 are hereby satisfied or waived.

14. Notwithstanding any Bankruptcy Rule providing otherwise, this Order shall be immediately effective and enforceable upon entry of this Order. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15. Notwithstanding any other provision of this Order or any other Order of this Court, no assignment of any rights and interests of the above-captioned Debtor or the Successor Liquidating Trustee in any federal license or authorization issued by the FCC shall

take place prior to the issuance of FCC regulatory approval for such assignment pursuant to the Communications Act of 1934, as amended, and the rules and regulations promulgated thereunder; the FCC's rights and powers to take any action pursuant to its regulatory authority, including, but not limited to, imposing any regulatory conditions on such assignments and setting any regulatory fines or forfeitures, are fully preserved, and nothing herein shall proscribe or constrain the FCC's exercise of such power or authority to the extent provided by law.

16. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Dated: August 21, 2015
      Wilmington, Delaware

_____
HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE