## Exhibit 1

## BIDDING PROCEDURES

# BIDDING PROCEDURES[1]

By motion (the "Motion"), dated July 15, 2015, David P. Stapleton, in his capacity as successor trustee (the "Liquidating Trustee") of the Pappas Liquidating Trust (the "Liquidating Trust"), sought, among other things, an order approving proposed auction and bid procedures (the "Bidding Procedures") in connection with the sale (the "Sale") of certain television station assets in Nebraska (collectively, the "Nebraska Television Assets"), as described more fully in the Motion.

The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has entered an order (the "Bidding Procedures Order") that, among other things, authorizes the Liquidating Trustee to solicit bids in respect of the Nebraska Television Assets through the procedures described below (the "Bidding Procedures"), subject to the approval of one or more Successful Bids (as defined below) by the Bankruptcy Court following a hearing before the Bankruptcy Court scheduled for November 4, 2015 at 10:00 a.m. (Eastern Time) before the Honorable Laurie Selber Silverstein (the "Sale Hearing").

1. **Important Dates and Contact Information**

With the assistance of Kalil & Co. ("Kalil"), the Liquidating Trustee's broker that specializes in the sale of broadcast stations and related assets, the Liquidating Trustee will:

(a) assist Potential Bidders (as defined below) in conducting their respective due diligence investigations and accept Qualified Bids (as defined below) until the deadline for receipt of Qualified Bids, which is 5:00 p.m. (prevailing Eastern time) on October 19, 2015 (the "Bid Deadline");

(b) evaluate bids and negotiate with bidders in preparation for an auction (the "Auction") to begin at 10:00 a.m. (Eastern Time) on October 27, 2015 (the "Auction Date"); and

(c) select the Successful Bidder(s) (as defined below) for the Nebraska Television Assets at the conclusion of the Auction and seek approval of the Successful Bid(s) for such Nebraska Television Assets at the Sale Hearing.

Information that must be provided under these Bidding Procedures must be provided in both Portable Document Format (.pdf) and Microsoft Word (.doc/.docx) format to (i) the Liquidating Trustee, David P. Stapleton, at david@stapletoninc.com; (ii) Kalil, Frank Higney, at kalil@kalilco.com and (iii) counsel to the Liquidating Trustee, David B. Stratton Esq., at strattond@pepperlaw.com (collectively, the "Notice Parties").

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Bidding Procedures Order or the Motion, as applicable.

2. **The Sale Hearing.**

At the Sale Hearing, the Liquidating Trustee will seek approval of the Successful Bid(s) and the entry of an order (the "Authorization Order"), substantially in the form attached to the Motion as Exhibit C, authorizing the Liquidating Trustee to exercise his interest in non-debtors Pappas Telecasting of Central Nebraska LP and Pappas Telecasting of Lincoln LLC (together, the "Non-Debtor Entities") to cause the Sale of their respective Nebraska Television Assets, including all right, title and interest thereto and all permitted liabilities in connection therewith, to the Successful Bidders at the Auction.

The Sale Hearing may be adjourned or rescheduled without notice or with limited and shortened notice to parties, including by (a) an announcement of such adjournment at the Sale Hearing or at the Auction or (b) the filing of a notice of adjournment with the Bankruptcy Court prior to the commencement of the Sale Hearing.

3. **Determination by the Liquidating Trustee**

The Bidding Procedures as described herein are calculated to obtain the highest and best offer or group of offers for the Nebraska Television Assets. The Liquidating Trustee, in consultation with his advisors, will (a) determine, whether any person or entity is a Qualified Bidder, (b) receive bids from Qualified Bidders, (c) evaluate and negotiate such bids, and (d) conduct the Auction (clauses (a) through (d) and Section 1 above, collectively, the "Bidding Process").

4. **Participation Requirements**

Unless otherwise ordered by the Bankruptcy Court, to participate in the Bidding Process, each interested person or entity (each, an "Interested Party") must deliver the following to the Notice Parties so as to be received no later than the Bid Deadline:

(a) an executed confidentiality agreement in form and substance satisfactory to the Liquidating Trustee, which by its terms will inure to the benefit of the Successful Bidder(s);

(b) a statement and other factual support demonstrating to the Liquidating Trustee's satisfaction that the Interested Party has a *bona fide* interest in purchasing all or any portion of the Nebraska Television Assets;

(c) sufficient information, as determined by the Liquidating Trustee, in consultation with his advisors, to allow the Liquidating Trustee to determine that the Interested Party has (i) the financial wherewithal to consummate a sale transaction (a "Sale Transaction") for the Nebraska Television Assets in cash or an equivalent with readily ascertainable and quantifiable economic value in an amount not less than $30,000,000.00 including financial statements of the Interested Party (or such other form of financial disclosure acceptable to the Liquidating Trustee in his discretion) and (ii) internal corporate authorization, in form and substance satisfactory to the Liquidating Trustee in his discretion, to participate in the bidding process for the Nebraska Television Assets where such process is expected to exceed $30 million; and

(d)     the items comprising a bid, as prescribed by Section 7 below.

If the Liquidating Trustee determines that an Interested Party has a *bona fide* interest in any of the Nebraska Television Assets, no later than two Business Days after the Liquidating Trustee makes that determination and has received the materials described in items (a)-(c) above, such Interested Party will be deemed a "Potential Bidder" and the Liquidating Trustee or his advisors will deliver to such Potential Bidder access to the confidential electronic data room concerning the Nebraska Television Assets (the "Data Room"). The Liquidating Trustee, in consultation with his advisors, reserves the right to determine in the exercise of his discretion whether an Interested Party has satisfied the above participation requirements such that it is eligible to be a Potential Bidder. The Liquidating Trustee or his advisors will provide notice to the Interested Party in the event the Liquidating Trustee determines (after receipt of the information identified in clauses (a)-(c) above) that any Interested Party does not qualify as a Potential Bidder.

5.     **Due Diligence**

Neither the Liquidating Trustee nor any of his advisors will be obligated to furnish any information of any kind whatsoever relating to the Nebraska Television Assets to any person or entity who is not a Potential Bidder and who does not comply with the requirements set forth herein.

Until the Bid Deadline, in addition to access to the Data Room, the Liquidating Trustee or his advisors will provide any Potential Bidder such due diligence access or additional information as the Liquidating Trustee, in consultation with his advisors, determines to be reasonable in the circumstances, subject to the restrictions set forth in this paragraph. All additional due diligence requests must be directed to the Notice Parties. The Liquidating Trustee or his advisors will coordinate all reasonable requests for additional information and due diligence access from Potential Bidders. In the event that any such due diligence material is in written form and has not previously been provided to any other Potential Bidder, subject to any confidentiality issues related to the material, the Liquidating Trustee or his advisors will simultaneously provide access to such materials to all Potential Bidders by placing such materials in the Data Room.

Unless otherwise determined by the Liquidating Trustee, in consultation with his advisors, the availability of additional due diligence to a Potential Bidder will cease if: (a) the Potential Bidder does not become a Qualified Bidder; or (b) the Bidding Process is terminated. Except as provided above with respect to access to the Data Room, neither the Liquidating Trustee nor his advisors will be obligated to furnish any information of any kind whatsoever relating to the Nebraska Television Assets to any party.

6.     **Bid Deadline**

A Potential Bidder that desires to make a bid must deliver written and electronic copies of its bid (in accordance with Section 7) in **both** Portable Document Format (.pdf) and Microsoft Word (.doc/.docx) format to the Notice Parties so as to be received no later than the Bid Deadline.

7. **Form and Content of a Qualified Bid**

A Qualified Bid in respect of the Nebraska Television Assets is a proposal from a Potential Bidder that, at a minimum:

(a) identifies the legal name of the Potential Bidder (including any equity holders or other financial backers, if the Potential Bidder is an entity formed for the purpose of consummating the Sale Transaction);

(b) provides that the Potential Bidder offers to purchase the Nebraska Television Assets or a portion thereof at the proposed purchase price (the "Proposed Purchase Price"), in cash or an equivalent with readily ascertainable and quantifiable economic value, and upon the terms and conditions set forth in the form of asset purchase agreement enclosed therewith, marked (the "Marked Agreement") to show any proposed amendments and modifications to the form of asset purchase agreement (the "Form APA") included in the Data Room;

(c) if a bid is for certain of the Nebraska Television Assets but not all of the Nebraska Television Assets, allocates the Proposed Purchase Price for the Nebraska Television Assets included in the bid;

(d) includes a letter stating that the Potential Bidder (i) has not engaged in any collusion with respect to its bid, and (ii) acknowledges and represents that it has had an opportunity to conduct any and all due diligence regarding the Nebraska Television Assets that are the subject of the Auction prior to making its bid, that it has relied solely upon its own independent review and investigation in making its bid, that it did not rely on the completeness of any information provided in connection with the Auction or its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied, by operation of law or otherwise, regarding the Nebraska Television Assets, except as expressly stated in such letter;

(e) states that all necessary filings under applicable regulatory, antitrust and other laws will be made (pursuant to the terms and conditions in the applicable Bid Documents) and that payment of the fees associated with such filings will be made by the Potential Bidder;

(f) provides (i) sufficient information, as determined by the Liquidating Trustee, in consultation with his advisors, to allow the Liquidating Trustee to determine that the Interested Party is financially and legally qualified to be a Federal Communications Commission licensee of the station or stations included in its bid, and (ii) a statement of whether waiver of any FCC rule, regulation or policy would be required to render an application(s) for assignment of the Station or Stations to such Interested Party grantable, as well as the rules, regulations or policies that would need to be waived and an explanation of the basis and rationale for a waiver and why the Interested Party believes the waiver would be granted;

(g)  is formal, binding and unconditional (except for those conditions expressly set forth in the applicable Bid Documents), and includes a statement that it is not subject to any due diligence and, if such bid is deemed the Successful Bid at the Auction, is irrevocable until Closing, and if not deemed the Successful Bid at the Auction, such bid is irrevocable until the earlier of December 1, 2015 or the first Business Day following the entry of the Authorization Order;

(h)  includes a commitment to close the transactions contemplated by the bid no later than 14 days after the entry of a Final FCC Order granting FCC Consent;

(i)  does not entitle such Potential Bidder to a breakup fee, termination fee, expense reimbursement or similar type of payment or reimbursement;

(j)  is accompanied by the Good Faith Deposit (as defined below); and

(k)  is received by the Bid Deadline.

In addition, in determining whether the terms of the bid or bids for any portion of the Nebraska Television Assets are materially more burdensome or conditional than the terms of another Qualified Bid, the Liquidating Trustee may take into consideration:

(a)  the purported amount of the Qualified Bid;

(b)  the value to be provided to the Liquidating Trust under the Qualified Bid, including the net economic effect upon the Liquidating Trust;

(c)  indemnification and other provisions;

(d)  contingencies with respect to the Sale Transaction and the ability to close the proposed Sale Transaction on a basis acceptable to the Liquidating Trustee, including whether any waivers of the FCC's rules, regulations and/or policies would be required and the likelihood of success in obtaining such waivers, and any incremental costs to the Liquidating Trustee in closing delays;

(e)  the ability to obtain any and all necessary antitrust or other applicable regulatory approvals or waivers for the proposed transaction; and

(f)  any other factors the Liquidating Trustee may deem relevant.

Each Potential Bidder must accompany its bid with or include in it, as applicable: (a) written evidence of available cash or an equivalent with readily ascertainable and quantifiable economic value to consummate the Sale Transaction in an amount of not less than $30,000,000.00 as the Liquidating Trustee or his advisors may reasonably request; (b) a copy of a board resolution or similar document demonstrating the authority of the Potential Bidder to make a binding and irrevocable bid on the terms proposed; (c) a covenant to cooperate with the Liquidating Trustee and his advisors to provide pertinent factual information regarding the Potential Bidder's operations reasonably required to analyze issues arising with respect to any applicable antitrust laws and other applicable regulatory requirements; (d) if the Qualified Bid includes a Marked

Agreement, a signed statement that, if deemed the Successful Bid at the Auction, such bid is irrevocable until Closing, and if not deemed the Successful Bid at the Auction, is irrevocable until the earlier of December 1, 2015 or the first Business Day following entry of the Authorization Order; and (e) other documentation as requested by the Liquidating Trustee or his advisors.

A Potential Bidder must deposit with the Liquidating Trustee a cash deposit equal to 10% of the Proposed Purchase Price pursuant to the applicable Bid Documents, as calculated in good faith by the Liquidating Trustee (any such deposit, a "Good Faith Deposit"). The Good Faith Deposit will be held by the Liquidating Trustee in a segregated bank account. The Good Faith Deposit must be made by wire transfer, on the date the Potential Bidder submits its bid, to Kalil as directed by Kalil.

If a bid is received and, in the Liquidating Trustee's judgment, it is not clear whether the bid is a Qualified Bid, the Liquidating Trustee and his advisors may consult with the Potential Bidder and seek additional information in an effort to establish whether or not a bid is a Qualified Bid.

The Liquidating Trustee will, in his discretion, determine whether a bid received from a Potential Bidder for any of the Nebraska Television Assets will constitute a "Qualified Bid" and whether a Potential Bidder that submits such a bid will be considered a "Qualified Bidder." Further, the Liquidating Trustee may, in his discretion, withdraw some or all of the Nebraska Television Assets from the Auction or Sale at any time before entry of an order approving a Sale of the Nebraska Television Assets to a Qualified Bidder.

The Liquidating Trustee reserves the right to impose additional terms and conditions with respect to Qualified Bidders not otherwise inconsistent with these Bidding Procedures.

8.  **Baseline Bid**

Only Qualified Bidders are eligible to participate in the Auction. The Liquidating Trustee, in consultation with his advisors, will select what he determines to be the highest and best Qualified Bid or combination of bids that together constitute a Qualified Bid for any portion of the Nebraska Television Assets (the "Baseline Bid(s)") to serve as the starting point at the Auction taking into account all relevant considerations, including the financial condition of the applicable bidder and certainty of closing.

9.  **Auction**

If more than one Qualified Bid is received by the Bid Deadline for either all or the same portion of the Nebraska Television Assets, the Liquidating Trustee will conduct the Auction for the Nebraska Television Assets. The Auction will take place at the offices of Pepper Hamilton LLP, 1313 N. Market Street, Suite 5100, Wilmington, Delaware, at 10:00 a.m. (Eastern Time) on the Auction Date, or such other time as the Liquidating Trustee may notify Qualified Bidders who have submitted Qualified Bids. Only a Qualified Bidder will be eligible to attend or participate at the Auction, subject to such limitations as the Liquidating Trustee may impose in consultation with his advisors. A reasonable number of representatives (as determined by the Liquidating Trustee in his sole and absolute discretion) of the Qualified Bidders will be permitted to attend and observe the Auction.

At the request of the Liquidating Trustee, each bidder participating in the Auction will be required to confirm, in writing, that (a) it has not engaged in any collusion with respect to the Bidding Process, and (b) its bid is a good faith bona fide offer that it intends to consummate if selected as the Successful Bidder.

At the Auction, participants will be permitted to increase their bids and improve their terms; provided that any such increased or improved bid or combination of bids must be a Qualified Bid (except that the Bid Deadline will not apply). Bidding for any part of the Nebraska Television Assets will start at the purchase price and terms proposed in the applicable Baseline Bid(s). The Liquidating Trustee, in consultation with his advisors, may commence the Auction by considering any Qualified Bids for portions of the Nebraska Television Assets prior to considering any Qualified Bids for all of the Nebraska Television Assets.

The Liquidating Trustee, with the assistance of his advisors, shall conduct an open Auction on the record, recorded by a court reporter and calling for minimum incremental bids (the "Minimum Overbid") from Qualified Bidders participating in the Auction, with Minimum Overbids being in an amount of not less than $250,000. The Liquidating Trustee reserves the right to announce reductions or reasonable increases in the Minimum Overbid amounts at any time during the Auction.

The Liquidating Trustee may at any time amend the Bidding Procedures or adopt rules for the Auction in any manner that he determined in good faith will promote the goals of the Bidding Process and is not inconsistent with these Bidding Procedures, including extending or modifying any of the dates described herein and adjourning the Auction.

The Liquidating Trustee reserves the right to and may reject at any time before entry of the final Sale Order any bid that, in the Liquidating Trustee's judgment, is: (a) inadequate or insufficient; (b) not in conformity with the requirements of the Bankruptcy Code, these Bidding Procedures or the terms and conditions of the Sale Transaction; or (c) contrary to the best interests of the Liquidating Trust.

Prior to the conclusion of the Auction, the Liquidating Trustee, in consultation with his advisors, will: (a) review and evaluate each bid made at the Auction on the basis of financial and contractual terms and other factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Sale Transaction; (b) in the exercise of the Liquidation Trustee's good faith business judgment and consistent with the Bidding Procedures, identify the highest or otherwise best offer or collection of offers in respect of the Nebraska Television Assets (the "Successful Bid(s)"); and (c) notify all Qualified Bidders participating in the Auction, prior to its adjournment, of the successful bidder or bidders (the "Successful Bidder(s)") and the amount and other material terms of the Successful Bid(s). Absent irregularities in the conduct of the Auction or reasonable and material confusion during the bidding, each as determined by the Bankruptcy Court, the Liquidating Trustee will not consider bids made after the Auction has been closed.

After determining the Successful Bid(s) for the Nebraska Television Assets, the Liquidating Trustee may determine, in his reasonable business judgment, which Qualified Bid(s) are the next best bids for the Nebraska Television Assets (the "Next Best Bid(s)").

At the Sale Hearing, the Liquidating Trustee will present the Successful Bid(s) to the Bankruptcy Court for approval. Following the entry of the Authorization Order, the Liquidating Trustee and the Successful Bidder(s) will proceed to prepare and file application(s) for FCC Consent to the assignment of the Station(s) to the Successful Bidder(s). Only upon the entry of an FCC Final Order granting FCC Consent may the parties close, subject to the terms of the Sale Transaction Agreement(s).

10. **Acceptance of Qualified Bids**

The Liquidating Trustee presently intends to consummate the Sale Transaction(s) with the Successful Bidder(s); however, the Liquidating Trustee's presentation of the Successful Bid(s) to the Bankruptcy Court for approval does not constitute the Liquidating Trustee's acceptance of such bid(s). The Liquidating Trustee will be deemed to have accepted a Successful Bid only when a contract therefor has been executed and such bid has been approved by the Authorization Order.

If a failure to consummate the transaction is the result of a breach by a Successful Bidder of the applicable Sale Transaction Agreement, the Liquidating Trustee may retain the Good Faith Deposit of such Successful Bidder and reserves the right to seek, in addition to the Good Faith Deposit, specific performance as well as any and all available additional damages from such Successful Bidder to the fullest extent provided for under applicable law.

If a Successful Bidder does not close the applicable Sale Transaction contemplated by the applicable Successful Bid by the date agreed to by the Liquidating Trustee and such Successful Bidder as set forth in the applicable Sale Transaction Agreement, then the Liquidating Trustee will be authorized, but not required, to move forward with the Sale Transaction with the party that submitted the applicable Next Best Bid, pursuant to the Authorization Order, including to seek a Final FCC Order granting FCC Consent with respect to the party that submitted the applicable Next Best Bid.

11. **Consideration of Stalking Horse Bids**

In order to incentivize potential bidders, the Liquidating Trustee will entertain the possibility of entering into stalking horse agreements (each a "Stalking Horse Agreement") for the sale of some or all of the Nebraska Television Assets, and in connection therewith, may agree to certain bid protections, including an expense reimbursement and/or break-up fee, subject to Bankruptcy Court approval. If the Liquidating Trustee enters into an agreement with a stalking horse entity (the "Stalking Horse Bidder"), the Liquidating Trustee will file and serve notice of the proposed Stalking Horse Agreement on the parties served with the Motion, no later than two Business days after execution of the Stalking Horse Agreement. The notice will include the type and amount of bid protections, if any, any necessary modifications or amendments to these Bidding Procedures, a summary of the Stalking Horse Agreement, a copy of the Stalking Horse Agreement and the date and time of the hearing to approve the Stalking Horse Agreement. Following Bankruptcy Court approval, the Stalking Horse Purchaser will be deemed to be a Qualified Bidder and the Stalking Horse Purchaser's bid will be deemed a Qualified Bid.

12. **Modification of Bidding Procedures**

The Liquidating Trustee may amend these Bidding Procedures or the Bidding Process at any time and from time to time in any manner that he determines in good faith, in consultation with his advisors, will best promote the goals of the Bidding Process and are not inconsistent with the terms of these Bidding Procedures, including extending or modifying any of the dates described herein.

13. **"As Is, Where Is"**

Any Sale Transaction will be on an "as is, where is" basis and without representations or warranties of any kind by the Liquidating Trustee, the Liquidating Trust, or their agents, except and solely to the extent expressly set forth in the final Sale Transaction Agreement approved by the Bankruptcy Court. Except as otherwise provided in the Sale Transaction Agreement approved by the Bankruptcy Court, the sale of the Nebraska Television Assets shall include all right, title and interest thereto and all permitted liabilities in connection therewith.

14. **Return of Good Faith Deposit**

The Good Faith Deposits of all Qualified Bidders will be held in escrow by the Liquidating Trustee and while held in escrow will not become property of the Liquidating Trust unless released from escrow pursuant to further order of the Bankruptcy Court. The Liquidating Trustee will retain the Good Faith Deposits of the Successful Bidder(s) until the Closing of the Sale Transaction(s) unless otherwise ordered by the Bankruptcy Court. The Good Faith Deposits of the other Qualified Bidders will be returned on the earlier of December 1, 2015 or the first Business Day following entry of the Authorization Order. At the Closing of the Sale Transaction(s) contemplated by the Successful Bid(s), the Successful Bidder(s) will be entitled to a credit for the amount of its Good Faith Deposit (not including interest accrued thereon). Upon the return of the Good Faith Deposits, their respective owners will receive interest that has accrued thereon, if any.

15. **FCC Consent**

The Closing on any Sale Transaction will be subject to the submission and approval of an application(s) for FCC consent ("FCC Consent") to the assignment of the FCC licenses of the Stations included in the Nebraska Television Assets pursuant to a Final Order. As used herein, Final Order shall mean a written action(s) or order(s) issued by the FCC, setting forth the FCC Consent (a) which has not been reversed, stayed, enjoined, set aside, annulled or suspended, and (b) with respect to which (i) no requests have been filed for administrative or judicial review, reconsideration, appeal or stay, and the time for filing any such requests and for the FCC to set aside the action on its own motion has expired, or (ii) in the event of review, reconsideration or appeal, that does not result in the FCC Consent being reversed, stayed, enjoined, set aside, annulled or suspended, and the time for further review, reconsideration or appeal has expired.