IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PAPPAS LIQUIDATING TRUST, | Case No. 08-10949 (LSS) |
| Debtor.[1] | Jointly Administered |
| | Re: Docket No. 1822, 1844, 1873 |

**ORDER AUTHORIZING THE LIQUIDATING TRUSTEE TO
EXERCISE THE LIQUIDATING TRUST'S CONTROLLING
INTERESTS IN CERTAIN NON-DEBTOR ENTITIES TO AUTHORIZE
A SALE OF THEIR ASSETS AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of David P. Stapleton, in his capacity as successor trustee (the "Liquidating Trustee") of the Pappas Liquidating Trust (the "Liquidating Trust") established pursuant to the *Debtors' First Amended Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code* [D.I. 1153] (the "Plan") and this Court's order (the "Confirmation Order") [D.I. 1166], for entry of an order pursuant to sections 105 and 1142 of the Bankruptcy Code authorizing the Liquidating Trustee to exercise the Liquidating Trust's interest in non-debtors Pappas Telecasting of Central Nebraska LP, Lincoln Broadcasting, LLC and Pappas Telecasting of Lincoln LLC (together, the "Non-Debtor Entities")[3] to cause the Sale of their respective television station assets in Nebraska (collectively, the "Nebraska Television Assets") to one or more successful bidders (the "Successful Bidder(s)") at the Auction, free and

---

[1] Harry J. Pappas and Stella A. Pappas were the debtors in these jointly administered chapter 11 proceedings, but they obtained their bankruptcy discharge pursuant to 11 U.S.C. §§ 1141(d) and 524 on January 3, 2012, at which time liability for discharged claims was assigned to, and assumed by, the Pappas Liquidating Trust.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion or the Bidding Procedures as applicable.

[3] The Non-Debtor Entities own, directly or indirectly, the Nebraska Television Assets.

#34606977 v4

clear of all Encumbrances, except for certain permitted encumbrances; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334(b) and 157; and the Court having retained jurisdiction over all issues relating to the Liquidating Trust or the Debtors' chapter 11 cases pursuant to paragraph 35 of the Confirmation Order; and it appearing that the Motion constitutes a core proceeding under 28 U.S.C. § 157(b) and that the Court may enter a final order consistent with Article III of the Constitution; and it appearing that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice need be given; and it appearing that the relief requested in the Motion is necessary and appropriate and in the best interests of the Liquidating Trust and its beneficiaries; and after due deliberation thereon, and sufficient cause appearing therefor; it is hereby

**ORDERED** that the Motion is GRANTED as set forth herein; and it is further

**ORDERED** that the Successful Bid submitted by Sinclair Television Group, Inc. ("Sinclair") for the Nebraska Television Assets is hereby approved; and it is further

**ORDERED** that the Liquidating Trustee and Sinclair are authorized to prepare and file application(s) for FCC Consent to the assignment of the Station(s) to Sinclair; and it is further

**ORDERED** that upon the entry of a FCC Final Order granting FCC Consent, the Liquidating Trustee is authorized to exercise the Liquidating Trust's interests in the Non-Debtor Entities to cause the Sale of their respective Nebraska Television Assets to Sinclair, including all right, title and interest thereto and all permitted liabilities in connection therewith; and it is further

#34606977 v4

-3-

**ORDERED** that the Liquidating Trustee is authorized to execute and deliver (or cause the applicable Non-Debtor Entities to execute and deliver, as applicable) all instruments and documents that may be reasonably necessary or desirable to consummate the Sale Transactions, and the individual members of the Non-Debtor Entities, if any, are deemed to have consented to the same; and it is further

**ORDERED** that this Order shall be effective immediately upon its docketing notwithstanding any stay of effectiveness otherwise imposed by the Federal Rules of Bankruptcy Procedure; and it is further

**ORDERED** that this Court shall retain jurisdiction over any matters arising from or related to implementation or interpretation of this Order.

Dated: November 4, 2015
Wilmington, DE

THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

#34606977 v4