## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) <br> ) Case No. 08-10949 (LSS) |
| PAPPAS LIQUIDATING TRUST, | ) <br> ) Jointly Administered |
| Debtor.[1] | ) <br> ) **Related Docket No.: 1166** |

### OCTOBER 2015 MONTHLY REPORT OF DAVID STAPLETON, AS SUCCESSOR LIQUIDATING TRUSTEE

1. On May 12, 2008, involuntary chapter 7 bankruptcy petitions were commenced against Harry J. and Stella A. Pappas. On May 27, 2008, the Bankruptcy Court granted the Pappases' motions to convert the involuntary chapter 7 cases to voluntary chapter 11 cases. The cases were consolidated for procedural purposes under the case number 08-10949 (LSS).

2. By order dated November 10, 2011 [D.I. 1166] (the "Confirmation Order"), the Bankruptcy Court confirmed the *Debtors' First Amended Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code*, dated as of November 7, 2011 (as confirmed, the "Plan").[2] The Effective Date of the Plan occurred on January 3, 2012 (the "Effective Date"), at which time the Liquidating Trust Assets vested in the Liquidating Trust and the Liquidating Trust assumed liability for claims against the Pappases that were discharged by the Confirmation Order. In accordance with the Plan and Liquidating Trust Agreement, Harry J. Pappas was the initial trustee (in such capacity, the "Initial Liquidating Trustee") of the

---

[1] Harry J. Pappas and Stella A. Pappas were the debtors in these jointly administered chapter 11 proceedings, but they obtained their bankruptcy discharge pursuant to 11 U.S.C. §§ 1141(d) and 524 on January 3, 2012, at which time liability for discharged claims was assigned to, and assumed by, the Pappas Liquidating Trust.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Plan.

Liquidating Trust. On March 27, 2012, Lee W. Shubert, Esquire became the Successor Liquidating Trustee of the Liquidating Trust in accordance with Article 5(B)(3) of the Plan.[3]

3. On August 27, 2013, Mr. Shubert and Comerica Bank entered into the *Stipulation Regarding Resignation of Liquidating Trustee and Designation of Successor Liquidating Trustee* (the "Resignation Stipulation") [D.I. 1428, Ex. B].

4. On October 1, 2013, the Court entered an Order [D.I. 1459] approving David P. Stapleton as Successor Liquidating Trustee, to be effective upon Mr. Shubert's resignation. On December 9, 2013, Mr. Shubert resigned in accordance with the Resignation Stipulation and Mr. Stapleton was appointed Successor Liquidating Trustee [D.I. 1506].

5. Since his appointment, Mr. Stapleton, in consultation with his staff and professionals, has evaluated the nature and value of the assets of the Liquidating Trust and the Non-Debtor Entities it controls, so that the assets can be marketed and sold for the greatest return to the beneficiaries of the Liquidating Trust. Specific information regarding the activities of Mr. Stapleton, his staff, and his professionals, on behalf of the Liquidating Trust may be found in the invoices filed from time to time with the Court in accordance with the Plan and Liquidating Trust Agreement (the "Filed Invoices"), copies of which are available on the Court's docket or from the undersigned counsel.

6. During the period beginning with Mr. Stapleton's appointment and ending October 31, 2015 (the "Reporting Period"), the Liquidating Trust had cash receipts totaling $2,303,465, and made cash disbursements totaling $2,156,961, as detailed on the Schedule of Cash Flow attached as **Exhibit A** hereto. As of October 31, 2015, the available cash balance in the Liquidating Trust was $146,504.

---

[3] Due to the need for prior FCC consent, Mr. Shubert did not become involved with the management of the Stations until April 4, 2012.

-3-

7. Pursuant to the Plan and Confirmation Order, February 3, 2012, was established as the bar date (i) for asserting all requests for payment of Administrative Claims (other than Professional Claims) that arose after June 30, 2011 ("Supplemental Administrative Claims"), and (ii) for asserting claims arising from the rejection of an Executory Contract under the Plan ("Rejection Damages Claims").  On information and belief, as of the date of this report, no Supplemental Administrative Claims or Rejection Damages Claims have been filed.

8. As of the date hereof and as reflected on **Exhibit B** hereto, Liquidating Trust Expenses (including Allowed Professional Claims, the payment of which was deferred in accordance with the *Order in Aid of Consummation of Plan* entered December 28, 2011 [D.I. 1202]) of approximately $1,948,872.05 are accrued and outstanding.  In addition to the amounts reflected on Exhibit B, Additional Liquidating Trust Administrative Expenses have accrued during the Reporting Period with respect to professional fees and other expenses of administration of the Liquidating Trust, and the aggregate amount of such administrative expenses is presently unknown.  Except as set forth in paragraph 6 and on the Schedule of Cash Flows, no administrative expenses have been paid during the Reporting Period.

9. The official register of pre-petition claims was filed with the Bankruptcy Court by Kurtzman Carson Consultants, LLC, the Court-appointed claims agent, on November 2, 2015 [D.I. 1876].  An objection to allowance of the $1.95 million claim filed by Gary Cripe is currently pending.  No other claim objections are currently in prospect.  No distributions to holders of general unsecured claims were made during the Reporting Period.

-4-

| | |
|---|---|
| Dated: November 17, 2015<br>Wilmington, Delaware | PEPPER HAMILTON LLP<br><br>/s/ Evelyn J. Meltzer<br>David B. Stratton (DE 960)<br>Evelyn J. Meltzer (DE 4581)<br>Michael J. Custer (DE 4843)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>Wilmington, Delaware 19899-1709<br>Telephone: (302) 777-6500<br>Facsimile: (302) 421-8390<br><br>ATTORNEYS FOR THE LIQUIDATING TRUSTEE |